UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVION KIRKLAND,

Plaintiff,

v.

RON NEAL, et al.,

Defendants.

CAUSE NO. 3:21-CV-568-RLM-MGG

OPINION AND ORDER

Travion Kirkland, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Kirkland alleges that an inmate assaulted him with a knife, threw petroleum-based grease on him, and bit him very early on a morning in August 2019. As a result of the assault, his lung collapsed, and his skin was blistered and broken in a number of places. Mr. Kirkland says that when Officer Thomas heard him scream during the assault, she casually walked over to his cell and observed the assault. She did nothing to stop the assault even though she could have

deployed her OC spray to get the inmate to back off. Mr. Kirkland asserts that other inmates ultimately helped stop the assault. According to Mr. Kirkland, Officer Thomas was deliberately indifferent to his safety because she failed to protect him or intervene during the assault.

Officer Smeltz arrived at the scene after Officer Thomas called for assistance. Mr. Kirkland was delirious by that time and had crawled into the bathroom where Officer Smeltz found him passed out on the floor. When Mr. Kirkland regained consciousness, Officer Smeltz placed him in handcuffs and forcefully hoisted him to his feet. Mr. Kirkland took a couple of steps and passed out for a second time. Medical staff had arrived with a gurney and began to administer Narcan by the time he had regained consciousness. Mr. Kirkland states that he wasn't under the influence of any illicit drugs and doesn't use those types of drugs.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). "A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011) (quoting Guzman v.

Sheahan, 495 F.3d 852, 858 (7th Cir. 2007) and Peate v. McCann, 294 F.3d 879, 883 (7th Cir. 2002)). Officer Thomas had no obligation to physically intervene in the assault, but it can plausibly be inferred from the complaint that Officer Thomas took no action whatsoever. Further factual development might show that Officer Thomas took action in response to the assault or that personal safety concerns limited her options. But at this stage of the proceedings, taking the inferences in the light most favorable to Mr. Kirkland, he has stated a claim for failure to intervene. To the extent he asserts Officer Smeltz also failed to protect him from the assault, Officer Smeltz wasn't present during the assault—the complaint indicates Officer Smeltz found Mr. Kirkland passed out in the bathroom after the assault. Mr. Kirkland can't proceed against Officer Smeltz.

Mr. Kirkland also asserts that the defendants violated his Fourteenth Amendment rights. Mr. Kirkland can't proceed on this claim because he hasn't provided any facts to support these allegations.

To the extent Mr. Kirkland states the defendants' actions were negligent in nature, the Indiana Tort Claims Act bars a tort claim against a political subdivision unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. VanValkenburg v. Warner, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions. Mr. Kirkland's complaint doesn't include any allegations that

he complied with the notice requirements of the Indiana Tort Claims Act, so the court will dismiss his state law claim.

As a final matter, Mr. Kirkland has sued Warden Ron Neal, but never mentions him in the body of his complaint. Therefore, he may not proceed against Warden Neal.

For these reasons, the court:

(1) GRANTS Travion Kirkland leave to proceed against Officer Thomas in her individual capacity for compensatory and punitive damages for being deliberately indifferent to Mr. Kirkland's safety when she failed to intervene in the inmate assault on August 3, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal and Officer Smeltz;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Thomas at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Thomas to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 20, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT