UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVION KIRKLAND,

        Plaintiff,

    v.                                CAUSE NO. 3:21-CV-568-RLM-MGG

THOMAS,

        Defendant.

OPINION AND ORDER

Travion Kirkland, a prisoner without a lawyer, is proceeding in this case "against Officer Thomas in her individual capacity for compensatory and punitive damages for being deliberately indifferent to Mr. Kirkland's safety when she failed to intervene in the inmate assault on August 3, 2019, in violation of the Eighth Amendment[.]" ECF 8 at 4. Officer Thomas filed a motion for summary judgment, arguing Mr. Kirkland didn't exhaust his administrative remedies before filing suit. Mr. Kirkland filed a response. The time for Officer Thomas to file a reply has expired. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners can't bring an action under federal law with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts take a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002).

Officer Thomas argues that Mr. Kirkland didn't exhaust his administrative remedies because he never submitted any formal grievance before filing this case. ECF 22 at 4. Officer Thomas provides a copy of Mr. Kirkland's grievance history,

2

which shows the grievance office at Indiana State Prison hasn't recorded any grievances from Mr. Kirkland. ECF 20-3. Officer Thomas provides an affidavit from the state prison Grievance Specialist, who attests that Mr. Kirkland has never filed any accepted formal grievances or appeals during his incarceration at ISP. ECF 20-1 at 5. Thus, Officer Thomas has provided evidence Mr. Kirkland didn't exhaust his administrative remedies before filing this lawsuit.[1]

The burden shifts to Mr. Kirkland to provide facts and evidence showing a genuine dispute as to whether he exhausted his administrative remedies or his administrative remedies were unavailable. Mr. Kirkland raises three arguments in his response. First, Mr. Kirkland argues Officer Thomas "clearly addressed the motion to the wrong party as indicated by paragraph one where defendant names Timothy Anderson as the plaintiff." ECF 24 at 1. Mr. Kirkland is correct that Officer Thomas named the wrong plaintiff in the first paragraph of her summary judgment motion. *See* ECF 20 at 1 ("This is an action for damages brought by Plaintiff Timothy Anderson wherein he alleges violations of the Eighth Amendment of the U.S. Constitution"). However, this was only a one-time typographical error, as Officer Thomas properly named Mr. Kirkland as the plaintiff throughout the rest of her summary judgment filings and exhibits. *See* ECF 20-1, ECF 20-3, ECF 21, ECF 22. Mr. Kirkland hasn't explained how he was prejudiced by Officer Thomas naming the wrong plaintiff in one paragraph of her summary judgment motion.

---

[1] The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 20-2 at 3.

3

Second, Mr. Kirkland argues he "did file an administrative grievance and never received a response." ECF 24 at 2. This conclusory assertion is insufficient to create a genuine dispute of material fact, as Mr. Kirkland didn't explain when he filed this grievance or what the grievance addressed. *See* Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. *163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). And even accepting as true that Mr. Kirkland filed a grievance and received no response from the grievance office, he provided no evidence he complied with the grievance process' requirement to notify the Grievance Specialist of the lack of response and retain a copy of that notice. *See* ECF 20-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within five (5) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within five (5) business days."). So even assuming Mr. Kirkland filed a grievance and received no response from the grievance office, he still had available administrative remedies he didn't exhaust.

Third, Mr. Kirkland argues the PLRA "does not require plaintiff to exhaust any administrative remedy when only seeking monetary damages before filing suit when monetary damages are not available through administrative remedy." ECF 24 at 2. The U.S. Supreme Court has previously rejected this argument. *See* Booth v.

*Churner*, 532 U.S. 731, 741 (2001) (even when a prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is a prerequisite to filing suit as long as some form of relief is available).

Officer Thomas has provided undisputed evidence Mr. Kirkland didn't exhaust his administrative remedies before filing this lawsuit, and Mr. Kirkland provides no facts or evidence showing a genuine dispute as to whether he exhausted his administrative remedies. Summary judgment is warranted in favor of Officer Thomas.

For these reasons, the court:

(1) GRANTS Officer Thomas' motion for summary judgment (ECF 20); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Thomas and against Travion Kirkland and to close this case.

SO ORDERED on December 19, 2022

    /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT